## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AVM TECHNOLOGIES, LLC, a Delaware Limited Liability Company, | ) ) ) | |
| Plaintiff, | ) ) | DEC 22 2010 |
| v. | ) ) | C.A. No. 10-610-RK |
| INTEL CORPORATION, a Delaware Corporation | ) ) ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) ) | |

### PROTECTIVE ORDER

To expedite the flow of discovery material, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that only materials the parties are entitled to keep confidential are subject to such treatment, and to ensure that the parties are permitted reasonably necessary uses of such materials in preparation for and in the conduct of trial, pursuant to Fed. R. Civ. P. 26(c), it is hereby ORDERED THAT:

**A.** **Definitions**

1.    "Party": any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.    "Material": all information, documents, and things produced, served, or otherwise provided in this action by the Parties or by non-parties.

3.    "RTL, HDL, Microcode": RTL, HDL, Microcode, and/or similarly sensitive code or schematics.

4.    "CONFIDENTIAL Material": information, documents, and things the Designating Party believes in good faith are not generally known to others, and which the

Designating Party (i) would not normally reveal to third parties except in confidence or has undertaken with others to maintain in confidence, or (ii) believes in good faith are protected by a right to privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy.

5. "OUTSIDE ATTORNEYS' EYES ONLY Material": information, documents, and things that the Designating Party believes in good faith are not generally known to others and have significant competitive value such that unrestricted disclosure to others would create a substantial risk of serious injury, and which the Designating Party (i) would not normally reveal to third parties except in confidence or has undertaken with others to maintain in confidence, or (ii) believes in good faith are significantly sensitive and protected by a right to privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy. The designation is reserved for information that constitutes proprietary financial or technical, competitive or commercially sensitive information that the Producing Party maintains as highly confidential in its business, and includes the following categories of documents, the disclosure of which is likely to cause harm to the competitive position of the Producing Party: (a) RTL, HDL, Microcode and similarly sensitive technical documents; (b) information relating to future products and strategic plans; (c) non-public financial data; and (d) licensing/settlement documents and communications. Nothing in this paragraph shall constitute an admission that RTL, HDL Microcode or information relating to future products must be produced in this action.

6. "Producing Party": a Party or non-party that produces Material in this action.

7. "Receiving Party": a Party that receives Material from a Producing Party.

- 2 -

8.　　"Designated Material": Material that is designated "CONFIDENTIAL" or "OUTSIDE ATTORNEYS' EYES ONLY" under this Order.

9.　　"Designating Party": a Party or nonparty that designates information, documents, or things that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "OUTSIDE ATTORNEYS' EYES ONLY."

10.　　"Counsel of Record": (i) counsel who appear on the pleadings as counsel for a Party; (ii) partners, associates, and employees of such counsel to whom it is reasonably necessary to disclose the information for this litigation, including supporting personnel employed by the attorneys, such as paralegals, translators, legal secretaries, legal clerks and shorthand reporters; or (iii) independent legal translators retained to translate in connection with this action, or independent shorthand reporters retained to record and transcribe testimony in connection with this action, provided they sign the "Agreement To Be Bound By Protective Order" attached hereto as Exhibit A.  A "Litigation Manager" may not be deemed "Counsel of Record" under this protective order.

11.　　"Outside Consultant": a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or Counsel of Record to serve as an expert witness or as a consultant in this action and who is not a current employee of a Party or of a competitor of the opposing Party and who, at the time of retention, is not anticipated to become an employee of a Party or of a competitor of the opposing Party.  As used herein, "Outside Consultant" includes any supporting personnel employed by and working at the direction of the consultant.

12.　　"Professional Vendors": persons or entities located in the U.S. that provide litigation support services (e.g., photocopying; videotaping; translating; designing and preparing

exhibits, graphics, or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees or subcontractors. This definition includes a professional jury or trial consultant retained in connection with this litigation and mock jurors retained by such a consultant to assist them in their work. Professional vendors do not include consultants who fall within the definition of Outside Consultant.

**B.    Scope**

13.    The protections conferred by this Order cover not only Designated Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof. Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure or the Court's deadlines. Identification of any individual pursuant to this Protective Order does not make that individual available for deposition or any other form of discovery outside the restrictions and procedures of the Federal Rules of Civil Procedures, the Local Rules of this Court, and/or the Standing Orders for the Honorable Robert Kelly.

**C.    Access to Designated Material**

14.    CONFIDENTIAL Material: Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information, document, or thing designated "CONFIDENTIAL" only to:

(a)    Employees of the Receiving Party to whom disclosure is reasonably necessary for the management, supervision, or oversight of this litigation and who have signed the "Agreement To Be Bound By Protective Order" attached hereto as Exhibit A;

(b)    Persons who appear on the face of Designated Material as an author, addressee, or recipient thereof;

- 4 -

(c)    Counsel of Record;

(d)    Outside Consultants of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement To Be Bound By Protective Order" attached hereto as Exhibit A and the "Certification of Consultant" attached hereto as Exhibit B;

(e)    The Court and its personnel;

(f)    Any designated arbitrator or mediator who is assigned to hear this matter, and his or her staff, who have signed the "Agreement To Be Bound By Protective Order" attached hereto as Exhibit A and the "Certification of Consultant" attached hereto as Exhibit B;

(g)    Court reporters; and

(h)    Professional Vendors to which disclosure is reasonably necessary for this litigation and a representative of which has signed the "Agreement To Be Bound By Protective Order" attached hereto as Exhibit A.

15.    OUTSIDE ATTORNEYS' EYES ONLY Material:  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information, document, or thing designated "OUTSIDE ATTORNEYS' EYES ONLY" only to the following (in addition to those identified in Paragraphs 27-28 below regarding use of Designated Material at depositions):

(a) Persons who appear on the face of Designated Material as an author, addressee, or recipient thereof;

(b) Counsel of Record;

(c) Outside Consultants of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement To Be Bound

- 5 -

By Protective Order" attached hereto as Exhibit A and the "Certification of Consultant" attached hereto as Exhibit B;

(d) The Court and its personnel;

(e) Any designated arbitrator or mediator who is assigned to hear this matter, and his or her staff, who have signed the "Agreement To Be Bound By Protective Order" attached hereto as Exhibit A and the "Certification of Consultant" attached hereto as Exhibit B;

(f) Court reporters and videographers; and

(g) Professional Vendors to which disclosure is reasonably necessary for this litigation and a representative of which has signed the "Agreement To Be Bound By Protective Order" attached hereto as Exhibit A.

16.     When transmitting any material marked "SUBJECT TO THE PROSECUTION BAR" or "FINANCIAL SUMMARIES" from or to authorized recipients outside the offices of Receiving Party's Counsel of Record or Outside Consultants, or when transferring work product that copies or quotes directly from documents so designated, the parties will either:   (a) encrypt that material using PGP® encryption, with a passphrase of at least 20 characters in length and using the Advanced Encryption Standard (AES) cipher option, or (b) (i) use a Secure FTP site that implements both 128 bit symmetric encryption and 1024 bit asymmetric encryption, and (ii) encrypt the files containing material marked "SUBJECT TO THE PROSECUTION BAR" or "FINANCIAL SUMMARIES" before making them available on the Secure FTP site. Transmission of any material marked "SUBJECT TO THE PROSECUTION BAR" or "FINANCIAL SUMMARIES" in paper shall be only (a) by hand delivery in sealed envelopes or containers, or (b) by Outside Counsel of Record or by a secure

transport carrier (*e.g.*, Federal Express) in sealed envelopes or containers. To the extent that any material marked "SUBJECT TO THE PROSECUTION BAR" or "FINANCIAL SUMMARIES" is stored on any portable computer or portable electronic medium, the portable computer or portable electronic medium must be encrypted using PGP encryption or any other whole disc encryption (e.g., Winmagic, Credant, Mcafee (safeboot), Symantec (PGP)), or the file containing the material marked "SUBJECT TO THE PROSECUTION BAR" or "FINANCIAL SUMMARIES" is encrypted using any of the following methods of encryption: Winmagic, Credant, Mcafee (safeboot), Symantec (PGP) with a passphrase of at least 20 characters in length and using the Advanced Encryption Standard (AES) cipher option.

17.     Each person to whom Designated Material may be disclosed, and who is required to sign the "Agreement To Be Bound By Protective Order" attached hereto as Exhibit A and, if applicable, the "Certification of Consultant" attached hereto as Exhibit B, shall do so, prior to the time such Designated Material is disclosed to him or her. Counsel for a party who makes any disclosure of Designated Material shall retain each original executed certificate and, upon written request, shall provide copies to counsel to all other parties at the termination of this action.

18.     At the request of the Designating Party, persons not permitted access to Designated Material under the terms of this Protective Order shall not be present at depositions while the Designating Party's Designated Material is discussed or otherwise disclosed. Pre-trial and trial proceedings shall be conducted in a manner, subject to the supervision of the Court, to protect Designated Material from disclosure to persons not authorized to have access to such material. Any Party intending to disclose or discuss Designated Material at pretrial or trial

proceedings must give advance notice to assure the implementation of the terms of this Protective Order.

### D. Access By Outside Consultants

19. **Notice.** If a Receiving Party wishes to disclose another Party's Designated Material to any Outside Consultant, such Receiving Party must provide advance written notice by electronic mail to counsel for the Designating Party, which notice shall include: (a) the individual's name and business title; (b) business address; (c) business or profession; (d) the individual's CV; (e) any previous or current relationship, personal or professional, with any of the parties; (f) a list of other cases in which the individual has testified (at trial or deposition) within the last seven years; (g) a list of all companies with which the individual has consulted or by which the individual has been employed within the last seven years; and (h) a signed copy of the "Agreement To Be Bound By Protective Order" attached hereto as Exhibit A and the "Certification of Consultant" attached hereto as Exhibit B.

20. **Objections.** The Designating Party shall have ten (10) business days from receipt of the notice specified in Paragraph 19 to object in writing to such disclosure. Any such objection must set forth in detail the grounds on which it is based. After the expiration of the 10-day period, if no objection has been asserted, then Designated Material may be disclosed to the Outside Consultant pursuant to the terms of this Order. However, if the Designating Party objects within the 10-day period, the Receiving Party may not disclose Designated Material to the challenged individual absent resolution of the dispute or Court Order. In the event the Designating Party makes a timely objection, the parties shall meet and confer to try to resolve the matter by agreement. If the parties cannot reach an agreement, the Objecting Party may, within seven (7) business days following its objection, file a motion for a protective order preventing

- 8 -

disclosure of Designated Material to the Outside Consultant or for other appropriate relief. If the

Objecting Party fails to file a motion for a protective order within the prescribed period, any

objection to the Outside Consultant is waived, and Designated Material may thereafter be

disclosed to the individual (upon signing the "Agreement To Be Bound By Protective Order"

attached hereto as Exhibit A). If the Objecting Party files a timely motion for a protective order,

Designated Material shall not be disclosed to the challenged individual until and unless a final

ruling allowing such disclosure is made by this Court or by the consent of the Objecting Party,

whichever occurs first.

   E.   **Treatment of RTL, HDL, Microcode**

       21.   Unless otherwise agreed to in writing between the Producing Party and the

Receiving Party, RTL, HDL, Microcode (including notes of any inspection fo such RTL, HDL,

Microcode) shall be deemed and treated as "OUTSIDE ATTORNEYS' EYES ONLY" material

and shall trigger the PROSECUTION BAR described in Paragraph 24. While RTL, HDL,

Microcode shall be deemed and treated as OUTSIDE ATTORNEYS' EYES ONLY, for clarity,

the Producing Party shall label such material "OUTSIDE ATTORNEYS' EYES ONLY – RTL,

HDL, Microcode." Unless otherwise agreed to in writing between the Producing Party and the

Receiving Party, RTL, HDL, Microcode shall only be provided on stand-alone computers (that

is, computers not connected to a network, Internet, or peripheral device) at secure locations, to be

made available during regular business hours on reasonable advance notice at the offices of Fish

& Richardson in San Diego, CA. Plaintiff will endeavor to review RTL, HDL, and Microcode

during regular business hours, but, when required and with reasonable advance notice, the

Producing Party will also arrange for access to the RTL, HDL, and Microcode on weekends.

Beginning one week prior to the beginning of trial and continuing through the end of trial, access

to RTL, HDL, Microcode shall be provided under the same conditions and with the same limitations and restrictions at the offices of Potter Anderson & Corroon LLP in Wilmington, Delaware.

The Producing Party will produce RTL, HDL, Microcode in computer searchable format pursuant to the provisions in this paragraph. The parties agree to meet and confer on the format for the production of any RTL, HDL, Microcode, as defined in the Proposed Protective Order, including the provision of tools that may be necessary for accessing, reviewing, and testing the RTL, HDL, Microcode. In no event, however, shall any party be permitted to install additional software applications that have the effect of altering, modifying, deleting, copying or otherwise permitting the reproduction or removal of any RTL, HDL, Microcode from the stand alone computer.

22.    The Producing Party will allow printing of paper copies of specific portions of RTL, HDL, Microcode at the time of inspection by the Receiving Party, which the Receiving Party may take when completing an inspection. During inspection, the Receiving Party may also identify sections or modules of code, which will be printed by the Producing Party and shipped to the Receiving Party's Outside Counsel of Record. The Party receiving paper copies of any RTL, HDL, Microcode, whether printed at the time of inspection or produced in such paper form, must keep that RTL, HDL, Microcode at the offices of the Receiving Party's Outside Counsel of Record. When paper copies of any RTL, HDL, Microcode is not in use at the offices of the Receiving Party's Outside Counsel of Record, they shall be kept in a secured container or secured room. The Receiving Party shall maintain a complete log of Bates-numbered pages printed, and the names of persons who have reviewed paper copies of any RTL, HDL, Microcode , and shall produce such log at the time its first expert reports relating to

RTL, HDL, Microcode are delivered, regardless of the restrictions on expert discovery below. For security purposes, this log must be produced to the Producing Party regardless of any other stipulation limiting expert discovery. Further, the log will be supplemented (1) with each new expert report relating to RTL, HDL, Microcode, (2) 10 business days after completion of any post trial briefing, and (3) at the termination of this action. Paper copies of RTL, HDL, Microcode shall include Bates number and the confidentiality label "OUTSIDE ATTORNEYS' EYES ONLY – RTL, HDL, Microcode" when printed, but the Producing Party shall not undertake any effort to track or otherwise determine which pages of code have been printed. The Producing Party shall not videotape or otherwise monitor review of code by the Receiving Party..

23.     Within thirty days after the issuance of a final, non-appealable decision resolving all issues in the case, the Receiving Party must either serve upon the Producing Party, or certify the destruction of, all paper copies of the Producing Party's RTL, HDL, Microcode and must either destroy or redact RTL, HDL, Microcode from any documents, pleadings, filings, reports, and notes reflecting or referring to such RTL, HDL, Microcode and must destroy or return all printed copies of RTL, HDL, Microcode that is not incorporated into the text of a document, pleading, filings, report, or note (e.g., an attachment or exhibit to a pleading, report, or motion). At the Receiving Party's request, the Producing Party will provide redacted versions of any such documents, pleadings, filings, reports, and notes that the Receiving Party identifies to the Producing Party. In addition, all persons to whom the paper copies of the RTL, HDL, Microcode were provided must certify in writing that all copies of the RTL, HDL, Microcode were returned to the counsel who provided them the information and that they will make no use of the RTL, HDL, Microcode, or of any knowledge gained from the RTL, HDL, Microcode in any future endeavor.

- 11 -

**F.    Prosecution Bar**

24.    Unless otherwise agreed to in writing between the Producing Party and the Receiving Party, any individual (including, but not limited to, experts, consultants, or and attorneys of the Receiving Party) who personally accesses any Material of another Party designated "SUBJECT TO PROSECUTION BAR" and labeled as such at the time of receipt shall not (a) prosecute a patent application, (b) prepare any patent application, or (c) participate in the drafting of, revising of, or advising on patent claims, wherein such application or claims are directed to the design or operation of microprocessors. This Prosecution Bar shall not apply to a device, method, or process merely because it contains or requires one or more microprocessors to operate.

The prosecution bar shall begin when "SUBJECT TO PROSECUTION BAR" Material is first reviewed by the affected individual. The bar shall end one year following either: (a) the entry of a final non-appealable judgment or order or the complete settlement of all claims against all Parties in this Litigation; or (b) the affected individual's last access to material designated "SUBJECT TO PROSECUTION BAR" coupled with written confirmation that the individual has returned or destroyed all material SUBJECT TO THE PROSECUTION BAR, is no longer involved in the Litigation and will no longer view material designated "SUBJECT TO PROSECUTION BAR." The parties may not designate material as "SUBJECT TO PROSECUTION BAR" unless it (i) is also appropriately labeled "OUTSIDE ATTORNEYS' EYES ONLY" and (ii) is from a technical custodian (e.g., a programmer, an engineer or a scientist), or otherwise discloses confidential technical information. All RTL, HDL, Microcode is automatically designated "SUBJECT TO THE PROSECUTION BAR."

- 12 -

**G.**     **Use Of Designated Material**

25.     **Use Of Designated Material By Receiving Party.** Unless otherwise ordered by the Court or agreed to in writing by the Parties, all Designated Material shall be used by the Receiving Party only for purposes of this litigation and shall not be used in any other way. Information contained or reflected in Designated Materials shall not be disclosed to third-parties, whether in conversations, presentations (by parties or counsel, vendors, experts, consultants, or otherwise) in court or in other settings that might reveal Designated Material, except in accordance with the terms of this Order.

26.     **Use Of Designated Material By Designating Party.** Nothing in this Order shall limit any Designating Party's use of its own documents and information, nor shall it prevent the Designating Party from disclosing its own confidential information, documents or things to any person. Such disclosure shall not affect any designations made pursuant to the terms of this Order, so long as the disclosure is made in a manner that is reasonably calculated to maintain the confidentiality of the information.

27.     **Use of Designated Material at Depositions.** Except as may be otherwise ordered by the Court, any person may be examined as a witness at depositions and trial and may testify concerning all Designated Material of which such person has prior knowledge. Without in any way limiting the generality of the foregoing:

(a)     A present director, officer, employee, designated Rule 30(6)(b) witness, and/or Outside Consultant of a Producing Party may be examined and may testify concerning all Designated Material which has been produced by that Party.

(b)     A former director, officer, agent and/or employee of a Producing Party may be interviewed, examined and may testify concerning all Designated Material of

- 13 -

which he or she has prior knowledge, including any Designated Material that refers to matters of which the witness has personal knowledge, which has been produced by that Party and which pertains to the period or periods of his or her prior employment with the Party; and

(c)     Non-parties may be examined or testify concerning any document containing Designated Material of a Producing Party which appears on its face or from other documents or testimony to have been received from or communicated to the non-party as a result of any contractual relationship with the Producing Party, or a representative of such Producing Party. Any person other than the witness, his or her attorney(s), and any person qualified to receive Designated Material under this Order shall be excluded from the portion of the examination concerning such information, unless the Producing Party consents to persons other than qualified recipients being present at the examination. If the witness is represented by an attorney who is not qualified under this Order to receive such information, then prior to the examination, the attorney shall be requested to execute an "Agreement To Be Bound By Protective Order," in the form of Attachment A hereto, that he or she will comply with the terms of this Order and maintain the confidentiality of Designated Material disclosed during the course of the examination. In the event that such attorney declines to sign such an Agreement To Be Bound By Protective Order, prior to the examination, the Producing Party may seek a protective order from the Court prohibiting such attorney from disclosing such Designated Material.

28.     A witness who previously had access to a document designated "CONFIDENTIAL" or "OUTSIDE ATTORNEYS' EYES ONLY" but who is not under a present non-disclosure agreement with the Producing Party that covers that document, may be shown the document if (a) a copy of this Protective Order is attached to any subpoena or notice or request served on the witness for the deposition; (b) the witness is advised on the record of the

- 14 -

existence of the Protective Order and that the protective order requires the parties to keep

confidential any questions, testimony or documents that are designated as "CONFIDENTIAL",

or "OUTSIDE ATTORNEYS' EYES ONLY;" and (c) the witness executes the

"Acknowledgement and Agreement to be Bound" that is attached hereto as Exhibit A. The

witness may not copy, take notes on, or retain copies of any Designated Material used or

reviewed at the deposition. The witness may not take out of the deposition room any exhibit that

is marked "CONFIDENTIAL" or "OUTSIDE ATTORNEYS' EYES ONLY." The Producing

Party of any Designated Material used at the deposition may also require that the transcript and

exhibits not be copied by the witness or his counsel, that any notes made of the transcript or

exhibits not be copied by the witness or his counsel, that no notes be made of the transcript or the

exhibits, and that the transcript and exhibits may only be reviewed by the witness in the offices

of one of the counsel representing a party in this case (or another firm acting for one of the

counsel representing a party in this case and under the supervision of one of the lawyers who is

bound by the terms of this Order). This paragraph shall not be read to narrow or restrict

Paragraph 27(b).

### H. <u>Procedure for Designating Materials</u>

29.    Subject to the limitations set forth in this Order, a Designating Party may

designate as "CONFIDENTIAL" information the Designating Party believes in good faith meets

the definition set forth in Paragraph 4 above and may designate as "OUTSIDE ATTORNEYS

EYES ONLY" information the Designating Party believes in good faith meets the definition set

forth in Paragraph 5 above. Except as provided above in Section E with respect to RTL, HDL,

Microcode (which automatically constitutes and remains "OUTSIDE ATTORNEYS' EYES

ONLY"), any material (including physical objects) made available for initial inspection by

counsel for the Producing Party prior to producing copies of selected items shall initially be

considered, as a whole, to constitute "OUTSIDE ATTORNEYS' EYES ONLY" information and

shall be subject to this Order.  Thereafter, the Producing Party shall have ten (10) business days

from the inspection to review and designate the appropriate documents as "CONFIDENTIAL"

or "OUTSIDE ATTORNEYS' EYES ONLY."

        30.     Except as otherwise provided in this Order or as otherwise stipulated or

ordered, Material that qualifies for protection under this Order must be designated in accordance

with this Section I before the material is disclosed or produced.

        31.     Designation in conformity with this Order requires:

        (a)     For information in documentary form (apart from transcripts of

depositions or other pretrial or trial proceedings), the Producing Party shall affix the legend

"CONFIDENTIAL"" or "OUTSIDE ATTORNEYS' EYES ONLY."

        (b)     For testimony given in a deposition or in other pretrial or trial

proceedings, the Designating Party shall specify any portions of the testimony that it wishes to

designate as "CONFIDENTIAL" or "OUTSIDE ATTORNEYS' EYES ONLY."  In the case of a

deposition, the Designating Party may also designate any portion of a deposition transcript as

"CONFIDENTIAL" or "OUTSIDE ATTORNEYS' EYES ONLY" by informing the reporter

and opposing party in writing within thirty (30) calendar days of completion of the deposition of

the designations to be applied.  However, regarding "OUTSIDE ATTORNEYS' EYES ONLY"

material that constitutes RTL, HDL, Microcode, the Designating Party must designate portions

of a deposition transcript as "OUTSIDE ATTORNEYS' EYES ONLY – RTL, HDL,

Microcode" at the time of the deposition.  All deposition transcripts not marked at least

"CONFIDENTIAL" during the deposition will nonetheless be treated as "CONFIDENTIAL"

until the thirty (30) day period has expired.  Transcript pages containing Designated Material

must be separately bound by the court reporter, who must affix to the top of each such page the

legend "CONFIDENTIAL" or "OUTSIDE ATTORNEYS' EYES ONLY", as instructed by the

Designating Party.

        (c)    For information produced in some form other than documentary,

and for any other tangible items, the Producing Party shall affix in a prominent place on the

exterior of the container or containers in which the information or thing is stored the legend

"CONFIDENTIAL" or "OUTSIDE ATTORNEYS' EYES ONLY."

**I.**    **Inadvertently Production of Privileged Information**

        32.    The parties agree that there shall not be a waiver of the attorney-client

privilege or work product immunity, or any other applicable privilege or immunity by reason of

the inadvertent or unintentional production of any document or information, except as set forth

below.  Inspection or production of documents (including physical objects) shall not constitute a

waiver of the attorney-client privilege or work product immunity or any other applicable

privilege or immunity from discovery if, within fifteen (15 business days) after the Producing

Party becomes aware of the inadvertent or unintentional disclosure, the Producing Party

designates the documents as within the attorney-client privilege or work product immunity or

any other applicable privilege or immunity and requests in writing the return of such documents

to the Producing Party.  The parties agree to the following procedure in the event that privileged

information is inadvertently produced:

        (a)    The Requesting Party shall specify in writing the bates number of

the document requested and the basis of the privilege being asserted (e.g., it shall be sufficient to

state solely that the document is protected by the work product doctrine, the attorney-client privilege, or another privilege).

        (b)     Upon such request, the party in possession of the document (the "Returning Party") shall return the document to the Requesting Party within five (5) business days (or certify that all copies of the document have been destroyed) -- regardless of whether the Returning Party has an objection to the basis of the privilege(s) asserted.

        (c)     The parties agree that returning a document pursuant to this Order does not waive or otherwise alter the right of a party to object to the basis of the privilege asserted.

        (d)     Once an inadvertently produced document or information has been used during a deposition or used as an exhibit to a pleading filed with the Court, the Producing Party has fifteen (15) business days from the date of disclosure to provide notice of the inadvertent production. Notwithstanding any other provision of this Order, failure to provide notice within this fifteen (15) business day period shall constitute a waiver of any applicable privileges or immunities with respect to the specific inadvertently produced documents or information only, and shall not be construed as a general waiver of any applicable privilege or immunity with respect to the subject matter disclosed therein. If the Producing Party provides notice to the Returning Party of any inadvertent or unintentional disclosure within: (a) fifteen (15) business days from the date the Producing Party becomes aware of the inadvertent or unintentional disclosure or (b) fifteen (15) business days after the inadvertently produced document or information has been used during a deposition or as an exhibit to a pleading filed with the Court, whichever is shorter, there shall be no waiver of the attorney-client privilege,

work product immunity or any other applicable privilege or immunity with respect to that document or information.

### J.  Inadvertent Failure to Designate

33.  An inadvertent failure to designate qualified information, documents or things as "CONFIDENTIAL" or "OUTSIDE ATTORNEYS' EYES ONLY" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon discovery of an inadvertent failure to designate, as soon as reasonably possible a Producing Party may notify the Receiving Party in writing that the material is to be designated as "CONFIDENTIAL" or "OUTSIDE ATTORNEYS' EYES ONLY" with the factual basis for the assertion of designation as "CONFIDENTIAL" or "OUTSIDE ATTORNEYS' EYES ONLY." Upon receipt of such notice, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the terms of this Order, subject to the right to challenge the propriety of such designation(s). The Producing Party shall provide substitute copies of the documents bearing the confidentiality designation.

### K.  Filing Designated Material

34.  Without written permission from the Designating Party or a Court Order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Designated Material but must file such Designated Material under seal in conformance with the Court's rules and procedures. Material filed under seal shall bear the title of this matter, an indication of the nature of the contents of such sealed envelope, or other container, the words "CONFIDENTIAL INFORMATION – UNDER PROTECTIVE ORDER" or "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION – UNDER PROTECTIVE ORDER", as appropriate, and a statement substantially in the following form:

- 19 -

This envelope contains confidential information filed in this case
by (name of party) and is not to be opened; nor are the contents
thereof to be displayed or revealed except by order of the Court
presiding over this matter.

## L.    Challenges to Confidentiality Designations

35.    The parties will use reasonable care when designating documents or

information as "CONFIDENTIAL" or "OUTSIDE ATTORNEYS' EYES ONLY." Nothing in

this Order shall prevent a Receiving Party from contending that any or all documents or

information designated as "CONFIDENTIAL" material or "OUTSIDE ATTORNEYS' EYES

ONLY" material have been improperly designated. A Receiving Party may at any time request

that the Producing Party cancel or modify the confidentiality designation with respect to any

document or information contained therein.

36.    A party shall not be obligated to challenge the propriety of a

"CONFIDENTIAL" or "OUTSIDE ATTORNEYS' EYES ONLY, HDL, Microcode"

designation at the time made, and the failure to do so shall not preclude a subsequent challenge

thereto. Such a challenge shall be written, shall be served on counsel for the Producing Party

(and if different, the Designating Party), and shall particularly identify the documents or

information that the Receiving Party contends should be designated differently. Prior to

approaching the Court with any challenge to a confidentiality designation, a senior attorney from

the challenging Party must confer directly (in voice-to-voice dialogue; other forms of

communication are not sufficient) with a senior attorney for the Designating Party. In

conferring, the challenging Party must explain the basis for its belief that the confidentiality

designation was not proper and must give the Designating Party an opportunity to review the

designated material, to reconsider the circumstances, and, if no change in designation is offered,

to explain the basis for the chosen designation.

- 20 -

**M.**     **Protected Material Subpoenaed or Ordered Produced In Other Litigation**

37.     If a Receiving Party is served with a subpoena or a court order that would compel disclosure of any information, documents or things designated in this action as "CONFIDENTIAL" or "OUTSIDE ATTORNEYS' EYES ONLY", the Receiving Party must so notify the Designating Party, in writing (by fax and e-mail) promptly and in no event more than ten (10) calendar days after receiving the subpoena or order. Such notification must include a copy of the subpoena or order. The Receiving party also must immediately inform in writing the party who caused the subpoena or order to issue that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Protective Order promptly to the Party in the other action that caused the subpoena or order to issue. The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its Designated Material. Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**N.**     **Unauthorized Disclosure Of Designated Material**

38.     If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Designated Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Designated Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of

- 21 -

this Order, and (d) request such person or persons to execute the "Acknowledgement and
Agreement to be Bound" that is attached hereto as Exhibit A.

### O.    Non-Party Use of this Protective Order

39.    A non-party producing information or material voluntarily or pursuant to a
subpoena or a court order may designate such material or information in the same manner and
shall receive the same level of protection under this Protective Order as any party to this lawsuit.

40.    A non-party's use of this Protective Order to protect its
"CONFIDENTIAL" information or "OUTSIDE ATTORNEYS' EYES ONLY" information
does not entitle that non-party access to "CONFIDENTIAL" information or "OUTSIDE
ATTORNEYS' EYES ONLY" information produced by any party in this case.

### P.    Duration

41.    Even after the termination of this action, the confidentiality obligations
imposed by this Order shall remain in effect until a Designating party agrees otherwise in writing
or a court order otherwise directs.

### Q.    Final Disposition

42.    Unless otherwise ordered or agreed in writing by the Producing Party or
provided for in this section, within sixty (60) calendar days after the final termination of this
action, each Receiving Party must destroy or return all Designated material to the Producing
Party. As used in this Paragraph, "all Designated Material" includes all copies, abstracts,
compilations, summaries or any other form of reproducing or capturing any of the Designated
Material. The Receiving Party must submit a written confirmation of the return or destruction to
the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-
day deadline. Notwithstanding this provision, Counsel of Record may retain an archival copy of

all pleadings, motion papers, deposition transcripts (including exhibits), discovery requests and responses (including exhibits), exhibits offered or introduced into evidence at trial, legal memoranda, correspondence or attorney work product, even if such materials contain Designated Material. Any such archival copies that contain or constitute Designated Material remain subject to this Protective order as set forth in section Q (Duration), above.

### R. **Miscellaneous**

43.     Any of the notice requirements herein may be waived, in whole or in part, but only by a writing signed by the Counsel of Record for the party against whom such waiver will be effective.

44.     This Order is entered without prejudice to the right of any party to apply to the Court at any time for additional protection or to relax or rescind the restrictions of this Order, when convenience or necessity requires. Nothing in this Order abridges the right of any person to seek to assert other objections. No Party waives any right it otherwise would have to object to disclosing or producing any information, documents, or things on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to the use in evidence of any of the material covered by this Protective Order. The Court shall take appropriate measures to protect Designated Material at trial and any hearing in this case.

45.     This Order shall not diminish any existing obligation or right with respect to Designated Material, nor shall it prevent a disclosure to which the Designating Party consents in writing before the disclosure takes place.

46.     The United States District Court for the District of Delaware is responsible for the interpretation and enforcement of this protective order. All disputes concerning Designated Material produced under the protection of the Protective Order shall be resolved by

- 23 -

the United States District Court for the District of Delaware. Every individual who receives any

Designated Material agrees to subject himself or herself to the jurisdiction of this Court for the

purposes of any proceedings related to performance under, compliance with, or violation of this

Order.

SIGNED this 20th day of Dec., 2010.

HON. ROBERT KELLY
UNITED STATES DISTRICT JUDGE

992805 / 35902

- 24 -

**EXHIBIT A**

*AVM Technologies, LLC v. Intel Corporation*, Civil Action No. 10-610-RK (D. Del. 2010)

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

## BY PROTECTIVE ORDER

I, _____ [print or type full name], state:

1.    I reside at _____;

2.    My present employer is _____;

3.    My present occupation or job description is _____;

4.    I agree to keep confidential all information provided to me in the matter of *AVM Technologies, LLC v. Intel Corporation*, Civil Action No. 10-610-RK in the United States District Court for the District of Delaware, and to be subject to the authority of that Court in the event of any violation or dispute related to this agreement.

5.    I have been informed of and have reviewed the Protective order entered in this case, and I will not divulge any information, documents or things that are subject tot the Protective Order except in accordance with the provisions of the Order.

6.    I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


Executed on _____


_____

[printed name]


_____

[signature]

**EXHIBIT B**

*AVM Technologies, LLC v. Intel Corporation*, Civil Action No. 10-610-RK (D. Del. 2010)

**CERTIFICATION OF CONSULTANT**

I, _____ [print or type full name],

of _____

am not an employee of the Party who retained me, or of a competitor of the opposing Party.  If at

any time after I execute this Certificate of Consultant and during the pendency of the Action I

become an employee of a competitor of the opposing Party, I will promptly inform the counsel

for the party who retained me in the Action, and I will not thereafter review any Designated

Materials marked by the opposing Party as "OUTSIDE ATTORNEYS' EYES ONLY" unless

and until the Parties agree or the Court orders otherwise.

I state under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct.


Executed on _____


_____

[printed name]


_____

[printed name]

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on December 9, 2010, the attached document was

electronically filed with the Clerk of the Court using CM/ECF which will send notification to the

registered attorney(s) of record that the document has been filed and is available for viewing and

downloading.

I further certify that on December 9, 2010, the attached document was Electronically

Mailed to the following person(s):

John G. Day
Lauren E. Maguire
Andrew C. Mayo
500 Delaware Avenue, 8th Floor
Wilmington, DE 19899
jday@ashby-geddes.com
lmaguire@ashby-geddes.com
amayo@ashby-geddes.com

Paul J. Berman
Roderick R. McKelvie
Richard L. Rainey
Paul A. Ainsworth
Covington & Burling LLP
1201 Pennsylvania Ave, NW
Washington, DC 20004-2401
pberman@cov.com
rmckelvie@cov.com
rrainey@cov.com
painsworth@cov.com

Robert T. Haslam
Covington & Burling LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065-1418
rhaslam@cov.com

Gillian W. Thackray
Covington & Burling LLP
One Front Street
San Francisco, CA 94111-5356
gthackray@cov.com

Heidi Gutierrez
Owais Siddiqui
Covington & Burling LLP
9191 Towne Centre Drive, 6th Floor
San Diego, CA 92122-1225
hgutierrez@cov.com
osiddiqui@cov.com

By:   */s/ David E. Moore*
     Richard L. Horwitz
     David E. Moore
     POTTER ANDERSON & CORROON LLP
     Tel: (302) 984-6000
     rhorwitz@potteranderson.com
     dmoore@potteranderson.com

977285 / 35902