**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| AVM TECHNOLOGIES, LLC,  )  <br>  ) <br> Plaintiff,  ) <br>  ) C.A. No. 10-610-PD <br> v.  ) <br>  ) <br> INTEL CORPORATION,  ) <br>  ) <br> Defendant.  ) | |

**PLAINTIFF AVM TECHNOLOGIES' STATUS REPORT
REGARDING EFFORTS TO OBTAIN NEW COUNSEL**

Pursuant to the Court's April 27, 2011 Order,[1] Plaintiff AVM Technologies, LLC ("AVM") submits this status report to apprise the Court of AVM's efforts to obtain replacement litigation counsel in the above-entitled action. In addition, for the related reasons specified below, AVM respectfully moves the Court to extend the stay of this case by an additional thirty (30) days.

**I.
SUMMARY**

AVM has made significant progress in its search for replacement counsel. From an initial investigation of eight law firms, AVM has narrowed its candidate list to two firms: (1) Pepper Hamilton LLP and (2) Robins Kaplan Miller & Ciresi LLP.

AVM has met in person with both of these candidate firms. Over a period of four and a half days, AVM's President and Chief Executive Officer, D. Joseph Tran, and Independent Counsel, Attorney Matthew Lapple, traveled to Massachusetts, Minnesota, and California to conduct day-long, face-to-face discussions with attorneys at each firm. Following these meetings, each continues to be in contact with AVM's CEO and Independent Counsel; both

---

[1] *See* Order of April 27, 2011 [D.I. # 99], ¶ 4 ("Plaintiff shall, by May 27, 2011, submit a status report respecting its efforts to obtain counsel.").

candidates have reached out to Plaintiff's current litigation counsel, Covington & Burling LLP, for information.

However, AVM cannot complete engagement discussions with these firms at this point because it may not, as a matter of law, discuss the most relevant information produced by its opponent in this litigation. The existing Protective Order governing discovery imposes a *de facto* gag order relating to all information designated as "Confidential" or for "Outside Attorneys' Eyes Only" by Defendant Intel Corporation. (And the vast majority of information produced in discovery has been so designated by Defendant.) Without the power to discuss the most up-to-date and unquestionably relevant case information, AVM is currently unable to give *any* law firm a full and fair look at the state of the case.

For this reason, AVM—concurrently with the submission of this status report—has filed a motion to modify the Protective Order to permit these two candidate firms access to information designated as "Confidential" and "Outside Attorneys' Eyes Only" for the sole (and temporary) purpose of evaluating the state of the case. If the Court grants AVM the modification these candidate firms require, AVM believes it can engage new litigation counsel by June 27, 2011. Consequently, AVM respectfully moves the Court for an additional 30-day stay.

## II.
## RELEVANT BACKGROUND FACTS

Days after AVM's litigation counsel moved the Court for leave to withdraw from this action, AVM moved the Court for a stay to give AVM an opportunity to search for replacement litigation counsel. [D.I. # 95.] On April 27, 2011, the Court granted, in part, AVM's motion to stay. [D.I. # 99.] The Court furthered ordered AVM to file a status report in 30 days regarding efforts taken to obtain replacement counsel.

# III.
# REPORT

AVM has made—and continues to make—significant progress toward retaining replacement counsel.

### A. AVM's nationwide search for replacement litigation counsel

AVM began its search by reaching out to eight different law firms. From these, AVM trimmed the candidate list to three and had in person meetings with each of these three candidate firms.

From their base on the West Coast, AVM's search team crisscrossed the country, traveling to Massachusetts, Minnesota, and Southern California to engage in day-long, face-to-face discussions with the each of the three candidate firms. Based on these in-person meetings, AVM has chosen two firms as the strongest candidates for replacing Covington: (1) Pepper Hamilton's William Belanger and Michael Renaud, in Boston; and (2) Robins Kaplan's William Manning in Minneapolis. Each of these senior attorneys are veteran patent litigators. Both firms expressed an interest in replacing Covington in this action. Both of these firms have reached out to Covington attorneys about this case.

### B. The current Protective Order presents an impediment to engaging new counsel.

AVM anticipates that it will engage one of these two firms to replace Covington. However, AVM's efforts to complete engagement discussions with these two firms are hindered by the existing Protective Order [D.I. # 37]. That Order restrains AVM's current counsel-of-record from discussing Defendant's information with any lawyer who has not yet become counsel-of-record himself.

To date, Intel has produced 1.2 million pages of documents, the vast majority of which have been designated as highly confidential pursuant to the Protective Order.[2] This information is therefore forbidden to all but certain pre-approved classes of professionals. Intel refuses to

---

[2] Decl. of Richard Rainey in Support of Motion to Stay Proceedings [D.I. # 96, filed April 19, 2011], ¶ 10.

allow these candidate firms to view its information, even for the narrow and temporary purpose of determining whether they can substitute into this lawsuit in Covington's place.

AVM is consequently placed on the horns of a dilemma. The most current and relevant information produced by its opponent may not be seen or discussed by anyone but AVM's current counsel-of-record and certain, pre-approved experts (in addition to court and arbitration staff, court reporters and videographers, and litigation-support vendors). In relevant part, the Protective Order provides:

> OUTSIDE ATTORNEYS' EYES ONLY Material: Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving may disclose any information, document, or thing designated "Outside Attorneys' Eyes Only" only to the following (in addition to those identified in Paragraphs 27–28 below regarding use of Designated Material at depositions):
>
> (a) Persons who appear on the face of Designated Material as an author, addressee, or recipient thereof;
>
> (b) Counsel of Record;
>
> (c) Outside Consultants of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement To Be Bound By Protective Order" attached hereto as Exhibit A and the "Certification of Consultant" attached hereto as Exhibit B;
>
> (d) the Court and its personnel;
>
> (e) Any designated arbitrator or mediator who is assigned to hear this matter, and his or her staff, who have signed the "Agreement To Be Bound By Protective Order" attached hereto as Exhibit A and the "Certification of Consultant" attached hereto as Exhibit B;
>
> (f) Court reporters and videographers; and
>
> (g) Professional Vendors to which disclosure is reasonably necessary for this litigation and a representative of which has signed the "Agreement To Be Bound By Protective Order" attached hereto as Exhibit A.

{00521080;v1}                                4

(Protective Order, ¶ 15.) AVM's current counsel-of-record wants to withdraw from the case and is awaiting the appearance of another law firm. But, it is highly unlikely that another law firm *can* substitute into the case without an accurate evaluation of the most relevant and current information produced by AVM's adversary.[3]

Because Intel refuses to stipulate to modify the Protective Order, AVM has no choice but to apply to the Court to obtain access to Intel's information for case-evaluation purposes.

## IV.
## CONCLUSION

AVM has used the thirty days given it by the Court to investigate eight law firms, eliminate five, and hold day-long, face-to-face discussions with three. Prospects are good for engaging one of the two firms identified above as replacement counsel, but not without additional time and intervention from the Court. Fairness dictates that AVM's current counsel must be allowed to discuss the current state of the case, fully and accurately, with potential replacement counsel. But it cannot do so without a modification of the existing Protective Order. This, Intel flatly refused to agree to do. Consequently, AVM is concurrently moving to modify the Protective Order.

AVM also, here, moves the Court to extend the existing stay for an additional 30 days so that the Court may entertain the Motion to Modify the Protective Order *and*, if the Court agrees with AVM's position, to give replacement counsel a chance to evaluate the case after they have all the facts, to date.

---

[3] Even if Plaintiff's current counsel-of-record *wanted* to present a full and fair assessment of the case to a prospective replacement firm, counsel is expressly forbidden from doing so by the Protective Order. (*See, e.g.,* Protective Order, ¶ 13 ["The protections conferred by this Order cover not only Designated Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, *excerpts, summaries*, or compilations thereof."][emphasis added].)

                    ASHBY & GEDDES

                    */s/ Andrew C. Mayo*

                    _____
                    John G. Day (I.D. #2403)
                    Lauren E. Maguire (I.D. #4261)
                    Andrew C. Mayo (I.D. #5207)
                    500 Delaware Avenue, 8th Floor
                    P.O. Box 1150
                    Wilmington, DE  19899
                    (302) 654-1888
                    jday@ashby-geddes.com
                    lmaguire@ashby-geddes.com
                    amayo@ashby-geddes.com

                    *Attorneys for AVM Technologies LLC*

*Of Counsel:*

Matthew C. Lapple
LAPPLE IP LAW, P.C.
1801 Von Karman Avenue, 3rd Floor
Irvine, California  92612
949-756-4889
matt@lappleiplaw.com

Dated:  May 27, 2011